## MARTIN v. KANE et al.

Court of Appeals of Kentucky.
Oct. 19, 1951.

Rehearing Denied Feb. 8, 1952.

Joe Hobson, Prestonburg, for appellant.

Edward L. Allen, Prestonburg, Diederich & Lycan, Ashland, for appellee.

SIMS, Justice.

This controversy involves the title to a small strip of land between the right-of-way of the C. & O. Railway Company and the Big Sandy River in the town of Allen, Floyd County. The strip fronts 10 feet on the railroad and its east line extends back 205 feet to the river, while its west line has a length of 225 feet which causes it to abut the river for 30 feet.

Appellant, T. A. Martin, as plaintiff below, brought this action against Fannie A. Kane and husband, John, to quiet his title and to compel them to remove their house from the disputed property, as well as to recover damages for their use of part of plaintiff's lot. Defendants pleaded paper title, also adverse possession. They further pleaded that plaintiff stood idly by while their predecessor in title erected a building which he now claims covered part of the property in dispute, and after that building was burned he saw defendants build a brick house costing $8,000 on the foundation of the burned building without objecting, and he is now estopped from denying defendants' title to the small parcel of land in controversy.

The chancellor, after considering almost 300 pages of proof and numerous maps, dismissed the petition and this appeal followed. This is purely a fact case and we do not deem it necessary to review the voluminous evidence or to discuss the several maps, but will only briefly refer to a few salient parts of the conflicting evidence that abundantly uphold the chancellor's judgment.

The record shows that plaintiff owned a considerable tract of land which in 1924 he subdivided into lots. Before he made his subdivision he conveyed to the Hampton Grocery Company, on August 6, 1920, a lot off his original tract which fronted on the railroad 70 feet and extended back 120 feet. On March 17, 1921, he conveyed to Bethana Smith a lot fronting on the railroad 50 feet and extending back between parallel lines 85 feet. Plaintiff owns lot No. 22 which is located between the Hampton Grocery Company lot and lot No. 23 owned by defendants. Shortly before 1930 plaintiff sued the Hampton Grocery Company, contending it had encroached 12½ feet on his lot No. 22 which he claimed was 100 feet wide. That suit was decided adversely to him, Martin v. Hampton Grocery Co., 256 Ky. 401, 76 S.W.2d 32, and in the present action plaintiff asserts defendants have encroached 10 feet on his lot No. 22 from the opposite side. It would appear that plaintiff is determined to make his lot No. 22 front 100 feet on the railroad and having failed to get his additional footage from the Hampton Grocery Company, he is here seeking to obtain it from defendants.

Defendants deraigned title through Bethana Smith. She testified that after she and Isadore Hatfield were married her husband and plaintiff set a stone in the railroad

right-of-way establishing a corner between their respective lots and the letter "H" was cut in that stone. Plaintiff denied this but several witnesses corroborated Bethana.

William Wallins, a mining and civil engineer, ran defendants' lines from their deeds, beginning with this marked corner, and he testified that neither defendants' house nor fence encroached upon plaintiff's lot. While Bethana Smith's lot was only 85 feet deep, at the same time defendants obtained title to that lot from McGuire, the latter conveyed them a second lot of like dimensions immediately to the rear of the first, extending defendants' lot to the river. True, O. J. Conley, plaintiff's surveyor, testified he ran the line between plaintiff's and defendants' lot and found defendants had encroached 8 feet on plaintiff's property, but we fail to find in Conley's testimony where his survey hit the stone with the "H" cut in it.

Bethana sold her lot to Grover Collins, who built a hotel on it. D. H. Stamper testified he was the contractor who erected this hotel for Collins in 1924, and he put the foundation in the same place as was that of a building which had previously burned. Stamper further testified that the present house defendants occupy has the same foundation upon which the hotel stood. Admitting arguendo, defendants' house is a couple feet over their line and is upon plaintiff's property, the record clearly shows that as far back as 1924 defendants' predecessors in title have occupied that portion of plaintiff's land adversely and under color of title, and this gives defendants title thereto. It is well settled that the adverse possession of a grantee may be tacked on to that of his grantor to complete the statutory period. Flinn v. Blakeman, 254 Ky. 416, 71 S.W.2d 961, page 970.

Much space in briefs is given to the proposition of whether we can consider proof and maps filed in the record of Martin v. Hampton Grocery Company, 256 Ky. 401, 76 S.W.2d 32, which plaintiff contends were not made a part of this record and were not considered by the lower court. It is not necessary for us to decide this question as we have reached a decision of this controversy without considering the record in that case.

The judgment is affirmed.